**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| YANCEY E.S. BAILEY | : |
| Plaintiff | : |
| v | :     Civil Action No. CCB-07-739 |
| CRYSTAL GREENE, *et al.* | : |
| Defendants | |

o0o

## MEMORANDUM

Pending is defendants' motion to dismiss or for summary judgment which is unopposed by plaintiff.[1] Paper No. 10. No hearing is necessary to the disposition of this case. *See* Local Rule 105.6. For the reasons that follow, the motion, construed as a motion for summary judgment, will be granted.

**Background**

Plaintiff alleges defendants Aspen, Whiteside, and Ridenour assaulted him after he assaulted defendant Greene.[2] Paper No. 1. Defendants state that on October 4, 2006, plaintiff asked Greene to come over to his cell door and, upon her approach, he asked her to contact the finance office about his account. Paper No. 10 at Ex. 1. Greene refused to comply with plaintiff's request and, later that day, plaintiff retaliated for her refusal by throwing a cup of urine on her. *Id*. at Ex. 6. Greene radioed for assistance. *Id*. at Ex. 4. Although plaintiff complied with being restrained with

---

[1] Plaintiff filed a motion for an extension of time to file a response. Paper No. 12. The motion was granted, but the copy of the order mailed to plaintiff was returned as undeliverable. Paper No. 14. Correctional staff noted on the envelope that plaintiff had been paroled. *Id*.

[2] On March 30, 2007, the court dismissed the complaint as to defendant Greene. Paper No. 3. Despite the dismissal, acceptance of service on Greene's behalf was requested by the Clerk and subsequently accepted.

handcuffs, he broke away from Officers Hillyard and Asper who were escorting him off the tier and ran away. *Id*. at pp. 2–4. Hillyard and Asper were assisted by Officers Whiteside and Hammond in restraining plaintiff and conducting a frisk search. *Id*. During the search plaintiff became combative and officers wrestled him to the floor. *Id*. After the search was completed, Lieutenant Asper determined plaintiff should be evaluated by medical staff before security staff interviewed him. *Id*. at Ex. 3, p. 1.

Medical staff found a small, superficial laceration on his scalp. *Id*. Plaintiff was treated for that injury and medical staff noted that he did not suffer any other abrasions, bruises or lacerations. *Id*. Pictures were taken of plaintiff and of Greene as part of an investigation. *Id*. at Ex. 4 and 5. Criminal charges were filed against plaintiff for assault on a correctional officer. *Id*. at Ex. 6. An internal investigation into the incident concluded that only that force which was necessary to restore discipline was used by the officers involved. *Id*. at Ex. 2. Plaintiff never filed an administrative remedy procedure request regarding this or any other incident while incarcerated at Maryland Correctional Institution in Hagerstown. *Id*. at Ex. 9.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or

her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

**Analysis**

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court.  Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence as opposed to a general conditions of confinement claim. *Id*.  Further, the Court has explained that: "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Nussle*, 534 U.S. at 524.  "[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005).  Defendants claim plaintiff has not made

any attempts to address the claims raised in the complaint through the administrative remedy procedure. Paper No. 10 at pp. 11–12. Plaintiff has failed to rebut that assertion. There is no genuine dispute of material fact concerning the exhaustion of administrative remedies, and defendants' motion for summary judgment shall be granted by way of separate order.

   August 21, 2007                                                 /s/
Date                                                       Catherine C. Blake
                                                           United States District Judge